COLLINS, Appellant and Cross–Appellee,

v.

SWACKHAMER et al., Appellees and Cross–Appellants; Jackson Township Board of Trustees, Appellee and Cross–Appellee.

[Cite as *Collins v. Swackhamer* (1991), 75 Ohio App.3d 831.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–994.

Decided Aug. 27, 1991.

*Lucas, Prendergast, Albright, Gibson & Newman, Robert E. Albright* and *Rankin M. Gibson,* for appellant and cross-appellee.

*Arter & Hadden, Danny L. Cvetanovich, Stephen E. Auch* and *Nancy Manougian,* for appellees and cross-appellants.

WHITESIDE, Judge.

Plaintiff, Bob L. Collins, Zoning Administrator for Jackson Township, appeals from a judgment of the Franklin County Court of Common Pleas and raises four assignments of error, as follows:

"1. The trial court erred in believing it was bound to follow the decision of *Marano v. Gibbs,* 45 Ohio St.3d 310 [544 N.E.2d 635] (1989).

"2. The trial court erred in finding the facts of this case are not distinguishable from the facts in *Marano v. Gibbs,* 45 Ohio St.3d 310 [544 N.E.2d 635] (1989).

"3. The trial court erred in finding that Video Services Broadcasting Corporation, Acme Tower Company, Inc., BAE Communications, Inc., U.S.A. Mobile Communications, Inc. II are public utilities.

"4. The trial court erred in finding that the erection and use of an FM radio tower and radio equipment building although not a 'permitted use' in a rural zoning district under the Jackson Township Zoning Resolution are none-the-less exempt from such zoning restrictions."

Defendants, Thomas and Elayne Swackhamer, Video Services Broadcasting Corporation and Acme Tower Company, Inc., have filed a conditional cross-assignment of error as follows:

"If the trial court erroneously rendered judgment for Defendants/Appellees/Cross–Appellants Thomas Swackhamer, Elayne Swackhamer (the 'Swackhamers'), Video Services Broadcasting Corporation ('Video Services') and Acme Tower Company, Inc. ('Acme') on the complaint of Plaintiff/Appellant Bob L. Collins ('Collins') based on Ohio Revised Code section 519.211, then the trial court erred in finding that their cross-claim against Defendant/Cross–Appellee Board of Trustees of Jackson Township, Franklin County, Ohio ('Jackson Township') was moot, because The Jackson Township Zoning Resolution, as sought to be applied to the Swackhamers' land, would impermissibly infringe the Swackhamers' due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution."

This case involves the erection of a three-hundred-twenty-foot antenna tower and related equipment and structure for an FM broadcast station on property owned by the defendants, Thomas and Elayne Swackhamer. The

Swackhamers leased their land to defendant Video Services Broadcasting Corporation for purposes of erecting and using the tower. Defendant Video Services Broadcasting Corporation assigned its lease to defendant Acme Tower Company, Inc. Plaintiff Bob Collins, the Jackson Township Zoning Administrator, issued an order to defendants to cease construction activities with respect to the tower upon the ground that the tower was not permitted under township zoning regulations. Defendant Video Services Broadcasting Corporation and Acme Tower Company, Inc. have a common sole shareholder, namely, defendant Video Services.

When the defendants failed to cease construction and erection of the tower, plaintiff filed this action pursuant to R.C. 519.24 seeking an order to enjoin, abate, and remove the alleged unlawful location, erection, construction and maintenance or use of the FM radio tower and equipment building. The trial court issued a temporary restraining order against the use but not the construction of the tower. The case subsequently was heard on the merits, and the trial court entered a judgment denying plaintiff injunctive relief based upon *Marano v. Gibbs* (1989), 45 Ohio St.3d 310, 544 N.E.2d 635, and R.C. 519.211. In doing so, the trial court stated in part that:

"In the Court's opinion, Defendants have by a preponderance of evidence demonstrated that BAE, USA Mobile and Video Services are subject to regulatory control by either state or federal agencies, that their businesses exist for use by members of the public and therefore is a matter of public concern and that their services are made indiscriminately and reasonably available to the general public, even though at a cost.

"Accordingly, the Court finds that the corporations scheduled to use the land, towers and related equipment are public utilities and are exempt from restrictions in the Jackson Township Zoning Resolution pursuant to Ohio Revised Code § 519.211, as interpred [*sic*] and applied in *Marano*. Since the Court holds for the Defendants with regard to the exemption provision noted above, the Court will not address the other defenses offered."

R.C. 519.211 provides in pertinent part as follows:

"Sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."

Accordingly, Jackson Township Trustees have no power to regulate land with respect to the construction and use of the tower in question if the corporate defendants are public utilities and, similarly, plaintiff, as Zoning

Administrator for Jackson Township, has no authority to issue any orders with respect to such use of the property in question.

■ The first assignment of error is based upon a technicality of the absence of a syllabus in *Marano, supra,* even though it is a "signed" rather than a *per curiam* opinion. Plaintiff relies upon R.C. 2503.20 and Sup.Ct.Rep. Ops.R. 1(B) and (C). Rule 1(B) provides that:

"The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication."

Rule 1(C) provides that:

"In a *per curiam* opinion of the Supreme Court, the point or points of law decided in the case are contained within the text of each *per curiam* opinion and are those necessarily arising from the facts of the specific case before the Court for adjudication."

There is no rule with respect to a Supreme Court opinion which has no syllabus but is not a *per curiam* opinion. Nevertheless, whether technically binding, or merely persuasive authority, the trial court did not err in following *Marano.* The Supreme Court first held that the question of whether an entity is a public utility is a mixed question of law and fact and stated that "[a]n entity may be characterized as a public utility if the nature of its operation is a matter of public concern, and membership is indiscriminately and reasonably made available to the general public." The court next reviewed former R.C. 519.21, which contained language very similar to present R.C. 519.211, stating in the opinion:

" * * * [U]se of the towers includes transmission of electronic signals from the towers, as well as use of the building between the towers for the equipment necessary to accomplish the transmission of electronic signals. Since R.C. 519.21 is unambiguous, and because the towers, land and structures are used by public utilities in the performance of their business, the towers, land and structures are thereby exempt from township zoning regulation under the statute." *Id.* at 312, 544 N.E.2d at 637–638.

■ The same reasoning necessarily applies here. R.C. 519.211 is unambiguous and unequivocally provides that a township zoning regulation cannot restrict use of land by a public utility for use of its business. The Supreme Court in *Marano* also held that a radio transmission tower and related equipment may properly be found to be operated by a public utility where the "towers were constructed to rent space to members of the general public, including business, professional or public entities, for the purpose of providing one-way or two-way telephone services, mobile telephone services, voice

paging services and radio communication services" indiscriminately to the general public. Here, the trial court found that space on the tower had been leased to two paging companies and a radio broadcasting company. In any event, the trial court did not err in following *Marano* since that case correctly sets forth the law, even if it be not binding upon the trial court or this court because of the absence of a syllabus. The first assignment of error is not well taken.

By the second assignment of error, plaintiff contends that the trial court erred in not finding the facts in this case to be distinguishable from those in *Marano*. This is essentially the same issue raised by the third assignment of error, by which the plaintiff contends the trial court erred in finding the operator of the tower as well as the users to be public utilities.

The facts in this case are technically distinguishable from those in *Marano* as plaintiff contends. However, the slight differences in the factual situations are of no significance. The basic principles are the same, although the pattern of use varies slightly from that involved in *Marano*. Also, there were certain factual stipulations made in *Marano* which were not made here. Nevertheless, the trial court made the appropriate factual findings from the evidence necessitating the same conclusion as in *Marano*. The trial court's factual determinations are supported by competent, credible evidence. Being supported by competent, credible evidence, there is no basis for this court to interfere with the factual findings of the trial court. The findings are not against the manifest weight of the evidence, and this court cannot appropriately substitute its judgment as to factual findings fairly made by the trial court from the evidence adduced before it. Accordingly, the second and third assignments of error are not well taken.

By the fourth assignment of error, plaintiff contends that the trial court erred in finding that the erection and use of an FM radio tower and equipment building are exempt from a township zoning restriction which does not permit such use.

This assignment of error appears to raise no issue not addressed with respect to the first three assignments of error. Nor has plaintiff set forth any additional issue raised by this assignment of error, dividing his argument into three parts, with no specific argument as to the fourth assignment of error, which this court could, pursuant to App.R. 12(A), decline to consider. In any event, for the reasons set forth with respect to the first three assignments of error, this assignment of error can have no merit. Accordingly, the fourth assignment of error is not well taken.

As set forth above, the single cross-assignment of error is stated to be conditional to be considered by this court only in the event that this court

would sustain plaintiff's assignments of error. Basically, defendants and cross-appellants contend that, even if it be within the power of the Jackson Township authorities to enact and enforce the zoning resolution, such resolution would violate the due process rights of defendants Swackhamers with respect to use of their property. As indicated, we need not reach this issue because we have found none of plaintiff's assignments of error to be well taken. However, even if we had held otherwise, the proper procedure would be a remand to the trial court to determine the constitutional issue, which the trial court expressly declined to determine because it had disposed of the case on other grounds. For these reasons, the cross-assignment of error will be overruled.

For the foregoing reasons, all of plaintiff's assignments of error and defendants' cross-assignment of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and MCCORMAC, J., concur.